SIMON, Estate of, In re.

Probate Court, Columbiana County.

No. 56709. Decided January 10, 1961.

TOBIN, J. This matter came on to be heard on the motion to dismiss application to prove a lost will. The questions involved are two: (1) Is the administrator of the estate, so appointed two days before the application was filed, such a person as contemplated in Section 2107.27, Revised Code, upon whom notice should be given?

(2) Since the administrator resided in the County, should it be written notice or is service by publication sufficient?

An administrator is more than a mere representative of the heirs, an administrator represents the entire estate, not only the heirs, but any prospective creditors or anyone else or anything else that might come up in the estate. Also he is an officer of the Court to administer the estate, not first for the benefit of any one party or persons or heirs, and to include matters of inheritance tax. Therefore, the Court finds that the Administrator is such person as contemplated in Section 2107.27, Revised Code, and the Administrator was such person upon whom written notice must be given.

It is the contention of the applicant to the Court, that notice is permitted in the alternative, i. e. either the serving of written notice or the serving of notice by publication in a newspaper printed in the County. The Court finds from the reading of the statute, and also from an interpretation of the case of *Baugarth* v. *Miller*, 26 Ohio St., 541, against this contention.

There are two kinds of notices provided: (1) Where a person is known to reside in the County in which written notice must be given; (2) where necessary persons are unknown, whether they reside in the County or not when newspaper notice may be given. Otherwise this Section 2107.27, Revised Code, would not make sense. There would be no reason to give written notice five days before hearing date if the mere proof of publication in a newspaper was sufficient. This statute is similar to many statutes dealing with service. If the person is known and is a resident of the County therein written notice is provided; where such person is not known and can not be ascertained by the applicant, or in cases where applicant would not know the heirs of decedent whether residents of County or not, then the provision for publication is provided so they can be in Court and a final determination of the issue may be made. In this case, John E. Bauknecht was known to be a resident of the County and Attorney-at-Law, and was appointed administrator before the application was filed.

The Court finds notice should have been given him as a necessary party and as a person residing in this County known to the applicant.

The Court will not dismiss application but will grant leave to give proper notice to administrator, and this matter is continued.

Exceptions permitted to all parties.

See Journal.

SIMON, Estate of, In re.

No. 56709.    Decided March 17, 1961.

TOBIN, J.  This matter came on to be heard on the application of Charles McGuckin on behalf of his daughter, Bonnie Lynn McGuckin, to probate a lost Will.  The undisputed evidence discloses that Clayton Simon, the decedent, was a man in his seventies; that he was a widower with no children; that one of his neighbors was Charles McGuckin and his wife, and little daughter Bonnie Lynn.  That he died October 31, 1960.; that he became ill some two or three days before that and had to be taken to the Youngstown Hospital, where he died.  The evidence discloses, and the Court finds, that he had suffered two or three heart attacks, and he was under heavy sedation during the period he was in the hospital and in quite some pain.

The Court further finds that on May 18, 1957, there was executed a will by the said Clayton Simon and that said execution was witnessed by Jack H. Cohen and Ruth Gillooly, was in due form, and if in existence today and the original had been presented to this Court, would have been admitted to probate without question.

The evidence further discloses, and the Court finds that said will was given to the said Clayton Simon, and, so far as any evidence at all was produced, was in his exclusive possession from May 18, 1957.  The Court further finds that no evidence was produced of any kind whatsoever from anyone, directly or indirectly that said will had been physically seen by anyone from the date it was executed by Mr. Simon and turned over to him by his attorney, Jack H. Cohen, until the present date.  The evidence also indicates and the Court finds that on November 1, 1960, or the day after the death of Mr. Simon, and before any of his relatives were present or even informed of his death, a thorough search of the Simon home was made by Mrs. Virginia McGuckin, mother of Bonnie Lynn McGuckin and James Allison, Attorney, and associate for Jack Cohen, and one of the attorneys for the proponents.  Again on November 2, 1960, another search was conducted by Mr. Cohen and some people by the name of McCoy and Roberts, Mr. and Mrs. Charles

McGuckin, and again upon special request the Court granted request for another search which was made of the house and the premises on or about January 17, 1961. None of these searches produced the will or any evidence of the whereabouts of it at all.

Therefore, this matter is being heard under the Section pertinent to that of a lost will, to-wit, Section 2107.27, Revised Code.

### DECISION

The Court specifically finds that the will executed on May 18, 1957, was regular in form and properly executed, and if the original were produced in Court, would be entitled to admission. The Court finds from the above fact the original will cannot be produced in Court and this proceedings is that under Section 2107.27, Revised Code, as a lost will. The Court states that the proof required in such case as outlined in 159 Ohio St., 492, et seq., *In re Estate of Tyler*, and particularly in the Court's Decision on Pages 504-5 of said case. That this will having at all times been in the exclusive possession of the decedent and not being found at the time of his death, gives rise to presumption that the will was revoked, and in keeping with the Decision in the case of *In re Tyler*, 159 Ohio St., 504, to-wit: the proponent has to prove that it was not revoked by clear and convincing evidence. The Court specifically finds that no evidence was produced to indicate that the will was lost after the death of Mr. Simon. In fact, all the evidence indicated to-wit: the two searches, November 1st, and November 2nd, by Mr. and Mrs. McGuckin and their attorney, the fact that the entire home was under the control of Mr. Simon at all times and no one else lived there with him, the fact that other papers were found in the box in the dresser where they had apparently always been kept, that said will was lost or ceased to exist prior to the death of Mr. Simon, and the Court so specifically finds. Therefore the burden of proof was on the proponents to prove by clear and convincing evidence such as to satisfy the Court that said will was not revoked but was lost.

The evidence presented by the proponents was a statement by James McGuckin, an uncle of Bonnie Lynn McGuckin, that he had a conversation in August or September of 1960 in which

decedent stated that he had left the property to Bonnie. The evidence further disclosed that the said James McGuckin was not an intimate friend of the decedent and had only casually seen him on this occasion. The evidence of Robert Campbell, and others disclosed that the decedent was a close-mouthed individual who pretty much kept his business to himself. Also testimony of several others that he was a close-mouthed man who kept his affairs and his life pretty much to himself. Also offered was the testimony of Ray Esterly, a taxi cab driver who had been in the habit for about a year before, taking Mr. Simon and transporting him back and forth to town and on one of these occasions he had stated that he had left the farm to the girl.

Evidence was also introduced by the proponents from one Louise Boise, a friend, while Mr. Simon was in the hospital he had asked for Mr. Cohen as his attorney, and at the same time Mrs. Virginia McGuckin had asked Mr. Simon, while he was in the hospital, for permission to find his valuable papers and he had stated no, they were in a safe place. Evidence was also introduced by the proponents that Mr. Simon had asked for Jack Cohen to come to the hospital and stated he was his attorney rather than Mr. Bauknecht.

The Court specifically finds that the evidence produced by the proponents of the will do not meet the test as set down in the *Tyler case*. The Court finds that it does not even meet the test of the preponderance of the evidence to overcome the presumption that the will was revoked. No evidence was introduced at any time that anyone else had any access to the home during this period of time decedent was ill or any of the premises of Mr. Simon, where they could have taken the will; that the will from the date of its execution on May 18, 1957, thenceforth was in the exclusive possession and control of Mr. Simon. The law in Ohio states that when a will is not found it gives rise to presumption of revocation. All evidence produced and allowed by this Court in support to overcome this presumption did not do so even by a preponderance of the evidence. The request for Mr. Cohen as his attorney could be explained by the perfectly logical reason that a will was desired to be made. It does not necessarily indicate that he

wanted to turn a will over to Mr. Cohen, or tell him where it might have been hidden. The other papers of Mr. Simon were found in the box where he always kept the same, as had been testified to by Robert Campbell when he had been in the home three years prior to the actual death of Mr. Simon. Therefore the Court dismisses the application on the grounds that the evidence does not satisfy the Court, or overcomes the presumption that the will was revoked at the time of the death of the testator by even a preponderance of evidence let alone clear and convincing evidence.

The proponents raised the question if the Court erred in its rule on certain statements proffered by Virginia and Charles McGuckin. The Court rules that such statements would be in the nature of self-serving statements because the will, if admitted, left everything to their daughter together with a clause that it could be used for the support, maintenance, comfort, education and training of Bonnie Lynn. The ruling of the Court was based on the theory that this was a provision absolving the parents from their legal duty to support said child, the statements therefore would be self-serving on their part since it was to their individual benefit. The proponents now raise the question as to the Court ruling on the same. The Court does hereby rule that this question can not be raised at this time. It could only be raised on a motion for a new trial and of course, on appeal. The question is also raised as to the unconstitutionality of Section 2107.26, Revised Code. Since the Court has resolved this in favor of the person raising the question of constitutionality, it is not necessary to go into this matter at this time.

Exceptions permitted to all parties.

See Journal.